Second case this morning, United States v. Gustavo Colon. Mr. Posetsky, did I pronounce that correctly? First, your honors, I would like to apologize and correct the record. As I was working on this, on the argument, I've noticed a mistake in my brief itself. On page number 9, I quoted to a transcript that is not from this case, but from a co-defendant's case because at the same time that I was working on this appeal, I was working on a co-defendant first step act reply to the government, and I misquoted this transcript. However, I did attach to the appeal appendix A-22 with the correct transcript, and in fact, the judge in the lower court addressed the issue relating to count 2, which is the 21 U.S.C. 848, the continued criminal enterprise, specifically on page 34 of the transcript. So that is the correct transcript to look at. Thank you for that correction. And even when looking at the correct transcript and not the transcript that I referred to in my opening brief, you can see from the lower court's sentencing hearing that the court referred to section 848 as a whole and not under the specific statute or the specific subsection A. Your Honors, in 1998, when Mr. Colon was 45 years old, a jury convicted him of certain drug offenses. Mr. Colon is just about to turn 70 this year. Mr. Colon was sentenced on May 22, 2000, to life imprisonment based on a finding that he was the principal leader of a gang and that he possessed or distributed over 50 kilograms of cocaine. The jury also convicted Mr. Colon of count 1 of the conspiracy, but that was vacated by the court because of double jeopardy issues, finding that the count 1 of the conspiracy is, in fact, a lesser included offense of the CCE, which was count 2. Under the First Step Act, Your Honors, an offender is eligible for a sentence reduction if he previously received the sentence of a covered offense. A covered offense is defined as a violation of a federal criminal statute, the statutory penalty for which were modified by certain provisions of the Fair Sentencing Act of 2010. Statutory penalties reference the entire phrase a violation of federal criminal statute. So the question before us today, Your Honors, is whether or not the court must, whether the Fair Sentencing Act of 2010 modified the statutory penalties for which Mr., for any of Mr. Colon's offenses. And in this particular case, the answer is yes. And it's important to understand that unlike Terry or other cases that discussed the CCE or other cases that discuss whether it is a covered offense, Mr. Colon, U.S.C. 848, came before Apprendi and Allain and subjected him to increased life penalty without the determination of a jury. Count 2 of the indictment referenced specifically counts 10 to 12, 14, 15, 18 to 25. Even though the government did not proceed a trial on the substantive counts between 21 and 25, count 2 of the indictment for the CCE did in fact incorporate that. Specifically, count 24 charged Mr. Colon with attempting to distribute more than 3 kilograms of cocaine. At sentencing, the court, not a jury, found by a preponderance of the evidence that Mr. Colon was responsible for over 50 kilograms of cocaine. The court also found that Mr. Colon to be the undisputed principal of the gang. Thus, the court expressly considered the elements under 848B. And the court's finding and sentence clearly implied that the court sentenced Mr. Colon to life under 848B. Importantly, the focus of the Fair Sentencing Act is whether the statute of conviction, the offense of conviction here that you're challenging and wanting to, asking your client to be resentenced on, didn't modify. This Fair Sentencing Act did not modify those penalties. So whether the judge did or didn't make judicial fact findings in the pre-Apprendi, pre-Elaine era really isn't relevant here. It's just a straight up statutory question about whether the CCE is a covered offense under the Fair Sentencing Act. And that answer is pretty simple, no, here, because the Fair Sentencing Act didn't modify the sentences for CCE. Your Honor, actually, thank you for the question. But the Fair Sentencing Act did, and there's plenty of case law, and I cited to some, and I think the government is not going to dispute that, that the CCE Section B was modified and is a covered offense. And at the time, and the reason why I bring up Elaine and I bring up Apprendi is because at the time of sentencing for this particular case. I'm talking about the version of the CCE offense, the statute that he was convicted under, which is subsection A. Well, we don't know that. That's the issue. And even if you look at. What do we do with the, I guess, the question, Judge Anderson's order in 1999, where, when he's giving that statutory penalties, it's, I believe it was 360 months to life, which suggests that it falls under 848A. Correct. So, again, it's not entirely accurate. The 360 to life is a guideline calculation. It's separate and apart from the statutory mandatory minimums and maximums. When the judge, none of the parties during sentencing, in fact, considered the 20-year mandatory minimum. They all talked about it. The government recommended a sentence above 360, and Mr. Colon's attorney recommended a sentence of 360. In fact, nowhere in the transcripts you can find anywhere that Judge Anderson even considered a sentence that would be below life. And the reason is. I guess I'm looking for where in the record when the judge gave, and I apologize, I said statutory, the sentencing guideline range of 360 to life, which would be under 848A, was he corrected? Or was there an objection made? Because the guideline recommendation for Section 848B would have been life under the guidelines. So, first, the amendment judgment in this case, and it's attached as Appendix A1, specifically says title and section, and it says 848. It does not provide A or B in it. So there was not an objection made? I'm sorry. I'm just asking for an answer to my question. Was there an objection made, are we aware of, to the guideline recommendation or the sentencing order that was in Section 848A? Right. Your Honor, there was not any need to correct Judge Anderson because when he spoke of 360 to life, he did what 3553 requires him to do, which is to calculate the guideline range. And Mr. Colon's guideline range, based on the drug amount, was 360 to life with several enhancements. Once you calculate the guideline range under 3553, then you also must look to the statutory, mandatory minimums and maximums specifically. So when nobody would correct Judge Anderson at the time, because he did make the correct guideline calculations of 360 to life, but when he spoke of the sentence, Judge Anderson strictly referred to Section B when he sentenced Mr. Colon for this particular statute. And the only way that, I'm sorry, because we're running out of time, the only way that calculation would have been corrected is if it fell under Section 848A. A or B, because at the time A and B were not, the judge could have considered both of them when he sentenced him. So there was not need to correct him because, and there is an ambiguity in this particular case, and that's why I said in this particular case, there is an ambiguity, and an ambiguity of what Judge Anderson sentenced him under because he discovered, he specifically said that he was the undisputed leader, and he found the elements relevant to B, he sentenced him. When there's ambiguity, Your Honors, it must favor Mr. Colon in the fighting in this particular case because the statutory penalties under B were amended by, or are covered offenses. I ran out of time, Your Honor. Thank you. Thank you. Ms. Bonamici. May it please the Court, Counsel, Deborah Bonamici on behalf of the United States. The District Court correctly found that the defendant was not eligible for relief under Section 404 of the First Step Act because the CCE offense under 21 U.S.C. 848A was not a covered offense. This Court should affirm. The, with respect to the question of what, of the particular provision that the defendant was actually convicted and sentenced for, the District Court found that the defendant was convicted and sentenced under 848A and committed no clear error in making that finding. As a court has recognized, the indictment charged the defendant with, under 848A, and there is nothing in the record whatsoever that even remotely suggests that 848B was proposed by the government, considered by the court, or had anything to do with this defendant and his defendant's sentencing. So, although it is, we, the government agrees that this is a straight up statutory question, with respect to that factual issue as to the particular statute that is in play, there's just simply no evidence to suggest that 848, that the defendant was subjected to or even exposed to a penalty under 848B. So, 848A is the correct statute to be analyzing and the District Court judge did, or the District Court did exactly that and she did so properly. Is that even possible to substitute one statutory subsection for another? I don't, I don't actually, I don't actually know. A number of cases have suggested that it was, that it was more fluid at an earlier time. Pre-apprendi, pre-alien, when a particular statute, when particular penalty provisions did not need to be charged and proven to a jury. Beyond a reasonable doubt, it might have been the case in some cases. Some cases talk about that being the case. I can't tell you what the practice was here and whether that was even possible. It just, it did not happen here. In a case where it did happen, where that set of facts actually took place, the defendant could come and attempt to persuade the court that he was in fact convicted under the 848, convicted and sentenced under the 848B provision. That would be, you know, an argument to be made. It's not available here because that did not occur in this case. And certainly, none of that debate has anything to do with cases that occurred, you know, defendants who were sentenced after apprendi and alien, because none of that, none of that could possibly have happened now. So, with respect to the 848A argument that the defendant is making, that we should, that for some reason, we should combine the elements and penalties of 848B with 848A because the district court considered the statute, quote-unquote, as a whole. I don't think there's any evidence to suggest that that's what the district court did. But regardless of whether that's true or not, the statute is the statute. And the statute clearly provides two self-contained offenses with its own, each with its own penalty. And only the penalty under 848B makes any reference to drug type or quantity. 848 makes no such reference and was not modified by the fair sentencing act. And we haven't addressed whether 848B, because it cross-references the specific drug quantities or specific drugs covered by the fair sentencing act. That's correct. By implication, sweeps 848B into that. I mean, we don't have any case law on that. No, no. You don't have any case law on the first question, which is whether 848B is a covered offense. And you most definitely do not have any case law that would even vaguely suggest that if it were a covered offense, somehow it would sweep in the separate 848A offense. And in fact, the latter would conflict with the Thomas case from what circuit? The Fourth Circuit. Fourth Circuit. So we'd be creating a circuit split to so hold. Yes, and in our judgment, it would also conflict with the Supreme Court's decision in Terry. I mean, Terry specifically says that you are to consider the elements and penalties of the particular offense with which the defendant is convicted and sentenced, not the statutory scheme. And it really couldn't be any clearer. If we move to the drug convictions, and I believe that's like 18 through 21 counts 10, 14, and 15, is there anything to suggest that the penalty did not pull from B1C? The problem with those convictions, I mean, apart from the fact that that was not raised below and is not raised here, but setting that aside, is that every single one of those distribution counts referenced cocaine, not cocaine-based. So they would not be covered acts on their own merits. So if the Court has no further questions, we would ask that this Court affirm. Thank you. Mr. Kosesky, I think you may have run out of time, but I'll give you some extra time. If you have something to say by way of rebuttal. I appreciate it, Your Honor. Two things. I don't think that this Court will create a split in the circuits because at the time when Mr. Colon was sentenced, he was the, before Apprendi and Elaine, as I said before, judges could, by preponderance of the evidence, make determination at sentencing relating to whether the individual was charged specifically under Section A or B. The judge can make specific determination as to under what subsection he or she was sentencing the individual. Recently, Judge Palmier has ruled in USA v. Golshin, G-H-O-L-S-O-N, and I cite to that in my brief, on a very similar issue where Section B was implicated by the judge by the preponderance of the evidence. In that case specifically, the judge referred to and said, I know the jury didn't find it, but I am finding it by preponderance of the evidence. So at the time specifically of Mr. Colon's sentencing, a court can make a determination or a decision to charge somebody and make the findings that were under subsection B in this case. And under subsection B, this is exactly what the court did here. He found Mr. Colon to be the undisputed principal leader of the gang, not just the leader organizer, but the principal leader. And he made that specific finding in the sentencing and in the sentencing transcripts. And he found the correct, the amount of drugs that would trigger Section B. He never spoke of anything else. He repeatedly, Your Honors, the judge repeatedly stated the elements of Section B, never discussing any of the elements of Section A. And therefore, and again, Isn't that the same thing that happened in the Thomas case? In the Thomas case... That was a 94 conviction. Right, but in the Thomas case... Same era. Same era. But in the Thomas case, the court did not address that specific argument because the judge did not make those specific findings. And that's the difference between the Thomas case and our case. Because in that specific case, the judge specifically made findings that did not... Well, it looks like it's part of the fact pattern. I don't know that the Fourth Circuit addressed that sort of argument that you're making here, but it is part of the fact pattern in that case. Correct. The judge did make findings on drug quantity. Well, you have to make findings on drug quantity because under the guidelines you have to make those findings. But the judge did not consider Mr. Thomas to be the undisputed leader of anything, not the principal leader like the judge has made here. So it's a distinction between findings for statutory penalties rather than guidelines? Correct. And that's exactly what we're talking about. Yes, I agree, and I agree with Judge Pryor's question to me before regarding why was there the calculation of the guidelines. The calculation of the guidelines is there because of 3553. You have to have it. But then when the judge determines a sentence, the judge must look at the statutory penalties. And the statutory penalties are those that are affected by the First Step Act. And if there is an ambiguity, the ambiguity should be resolved in favor of Mr. Colon, Your Honor. Thank you. And I appreciate the extra time. Thank you very much. Our thanks to all counsel. The case is taken under advisement.